IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00093-01-CR-W-ODS |
| MARVIN LOWELL RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On August 24, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Ortrie Smith. I find that Defendant's plea was voluntary and therefore recommend that it be accepted.

## *I. BACKGROUND*

On March 11, 2009, an indictment was returned, charging Defendant with: (1) aggravated identity theft, in violation of 18 U.S.C. § 1028A(1); and (2) false statement in an application for a passport, in violation of 18 U.S.C. § 1542. A change-of-plea hearing was held on August 24, 2009. Defendant was present, represented by appointed counsel Chris Harlan. The government was represented by Assistant United States Attorney Kate Mahoney. The proceedings were recorded and a transcript of the hearing was filed on August 25, 2009.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. On March 15, 2006, an indictment was returned charging Defendant with, inter alia, one count of making false statements in an application for a passport, all in violation of Title 18 United States Code, Section 1542 (Tr. at 7). The court read the charge against Defendant and Defendant indicated that he understood the nature of the charge (Tr. at 7).

3. The statutory penalty for making a false statement in passport application is not more than ten years imprisonment, a fine of up to $250,000, a supervised release term of not more than 3 years, and a $100 mandatory special assessment fee (Tr. at 7-8). Defendant was informed of the penalty ranges and indicated that he understood (Tr. at 7-8).

4. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 8);

   b. That he has the right to assistance of counsel throughout the trial (Tr.

at 8);

      c.    That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 9);

      d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 9);

      e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 9-10);

      f.    That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 10); and

      g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 11).

5.    Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 11).

6.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 11-12). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 12). Defendant stated that he understood (Tr. at 12).

7.    Government counsel stated that this has been an open file case (Tr. at 12). If this case were to be tried, the government's evidence would be that on December 27, 2006, Defendant went to the Longview Post Office in Kansas City, Missouri, and filled out an application for a passport

4

(Tr. at 12). When doing so, he used the name "Earl Victor Ross" (Tr. at 12). Defendant signed the application in front of the postal clerk (Tr. at 12). He then submitted a Missouri driver's license in the name of "Earl Victor Ross" with his own photo on it, as well as a California birth certificate with the name "Earl Victor Ross" (Tr. at 13). Because of some issues in the application and the fact that there was only history in California, the application was flagged for potential fraud and follow-up questions were asked, which Defendant did not answer (Tr. at 13). The photos were compared with a prior passport application that the real Earl Victor Ross had filled out, and the photos did not match (Tr. at 13). The documents were then sent to fingerprint analysis (Tr. at 13). The analysis determined that the fingerprints on the passport application were Defendant's, Marvin Richardson's, and that two of Defendant's fingerprints were on the valid birth certificate that belonged to Earl Victor Ross (Tr. at 13).

8.  Defense counsel stated that he had reviewed the government's file and confirmed from his own independent investigation that it was wise for his client to plead guilty (Tr. at 13).

9.  Defendant was placed under oath (Tr. at 13). Defendant stated that he was in the Kansas City metropolitan area on December 27, 2006 (Tr. at 14). At such time, he made application for a passport through the United States Postal authority (Tr. at 15). Defendant intended to obtain a passport in somebody else's name but with his likeness (Tr. at 15). Defendant's actions were knowing and willful (Tr. at 15). He knew he did not have authority to apply for a passport using someone else's name (Tr. at 15). Defendant did not dispute that doing so was unlawful (Tr. at 15-16).

10. Defendant had reviewed the plea agreement and understood the terms of the agreement (Tr. at 17). I then reviewed the terms of the plea agreement with Defendant (Tr. at 17-29).

All promises made by the government were contained within the plea agreement (Tr. at 30). The government did not take a position in the plea agreement concerning the length of Defendant's sentence (Tr. at 31).

11. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 32).

12. Defendant was generally satisfied with Mr. Harlan's performance (Tr. at 34). Defendant stated he wished Mr. Harlan would have gone over the plea agreement with him earlier (Tr. at 32-33). There is nothing Defendant asked Mr. Harlan to do that he did not do (Tr. at 34).

13. Defendant is 48 years old (Tr. at 34). He received a high school education (Tr. at 34). Defendant has no difficulty reading, writing and understanding English (Tr. at 34). Defendant has no physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty (Tr. at 34-35). Defendant was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 35).

14. Defendant tendered a plea of guilty to the crime charged in Count II of the indictment (Tr. at 36).

## V. ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for making a false statement in a passport application include: (1) the defendant willfully and knowingly made a false statement in a passport application; and (2) the defendant made the false statement to induce or secure a passport under the authority of the United States. 18 U.S.C. § 1542.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

2. Defendant has consented to having his plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in Count II of this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of the offense charged.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 26, 2009